IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARI S. SANDERS,

    Petitioner,

vs.                                   Case No. 4:05cv289-WS/WCS

WARDEN M. L. RIVERA, et al.,

    Respondents.

_____/

### REPORT AND RECOMMENDATION ON § 2241 PETITION

Petitioner paid the filing fee, and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with supporting memorandum. Doc. 1. The undersigned entered an order requiring a response from the Government. Doc. 3.

A copy of the order sent to Petitioner was returned to the clerk undelivered. Doc. 4. According to the BOP website, Petitioner was released from custody on September 9, 2005. According to the United States Marshal, Petitioner's correct address is 4487 Post Place, # 117, Nashville, TN 37205. The clerk has so noted on the docket, and a copy of the order will be sent to the new address by separate order.

In the § 2241 petition, Petitioner sought immediate release by reinstatement of her February 7, 2005, release date.  Petitioner is not subject to a term of supervised release.  Doc. 1, p. 5.  Her request for immediate release is now moot.  *See* Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (challenge to parole revocation mooted by subsequent release).

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition (doc. 1) be **SUMMARILY DISMISSED** as **MOOT**.

**IN CHAMBERS** at Tallahassee, Florida, on September 29, 2005.


s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**